# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-457V
**Filed: February 4, 2021**
UNPUBLISHED

| | |
|---|---|
| JACKIE MILLS, on behalf of L.M., a minor,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Special Master Horner<br><br>Interim Attorneys' Fees and Costs Decision; Expert Costs; Reasonable Hourly Rate |

*Mark T. Sadaka*, Sadaka Associates LLC, Englewood, NJ, for petitioner.
*Camille Michelle Collett*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On December 14, 2020, petitioner moved for an award of interim attorneys' fees and costs in the amount of $50,195.16. (ECF No. 52.) In response, respondent deferred to the special master regarding both the amount and appropriateness of an award of interim attorneys' fees and costs. (ECF No. 55.) For the reasons discussed below, I award petitioner interim attorneys' fees and costs in the reduced amount of $47,691.96.

**I. Procedural History**

On March 30, 2017, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that her minor child, L.M., experienced post-vaccination symptoms later diagnosed as a systemic juvenile arthritis

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

caused or significantly aggravated by L.M.'s August 25, 2015 diphtheria, acellular pertussis ("Tdap") vaccination. (ECF No. 1.)

This case was originally assigned to Special Master Millman. (ECF No. 4.) Between April 2017 and March 2018, petitioner filed a variety of medical records to support her claim. (ECF Nos. 5, 8, 12, 21, 23.) Respondent filed his Rule 4(c) report recommending against compensation on November 29, 2017. (ECF No. 19.)

Petitioner filed an expert report by rheumatologist, allergist, and immunologist Dr. M. Eric Gershwin on April 13, 2018. (ECF No. 24.) In response, respondent filed an expert report from pediatric rheumatologist Dr. Carlos D. Rose. (ECF No. 27.) This case was reassigned to my docket on June 4, 2019. (ECF No. 33.) I then held a Rule 5 conference and asked petitioner to submit a supplemental expert report and additional medical records. (ECF No. 37.) Petitioner filed the additional medical records on August 13, 2020, and a supplemental expert report from Dr. Gershwin on September 29, 2020. (ECF Nos. 43, 45.) Thereafter, the parties requested that I schedule an entitlement hearing. On December 3, 2020, I scheduled a two-day entitlement hearing for September 20, 2022. (ECF No. 51.)

Petitioner filed the instant motion for interim attorneys' fees and costs on December 14, 2020, respondent filed his response on January 4, 2021, petitioner filed her reply on January 7, 2021. (ECF Nos. 52, 55, 57.) Accordingly, petitioner's motion for interim attorneys' fees and costs is now ripe for resolution.

## II.     An Award of Interim Attorneys' Fees and Costs is Appropriate

Section 15(e)(1) of the Vaccine Act allows for the special master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Even if their claim is unsuccessful, petitioners are entitled to an award of reasonable attorneys' fees and costs if the special master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Respondent did not contest petitioner's good faith and reasonable basis for this claim, but instead deferred to my judgment. (ECF No. 55, p. 2.)

The Federal Circuit has concluded that interim fee awards are permissible and appropriate under the Vaccine Act. *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010); *Avera*, 515 F.3d at 1352. In *Avera*, the Federal Circuit held that, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Avera*, 515 F.3d at 1352. In denying an interim fee award, the *Avera* court explained that "[t]he amount of fees here was not substantial; appellants had not employed any experts; and there was only a short delay in the award pending the appeal." *Id*. In *Shaw*, the Federal Circuit clarified that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. Here, petitioner's request for interim attorneys' fees and costs is made after more than three years of litigation within the

2

entitlement phase of this case and after petitioner incurred costs for providing multiple expert reports to support her claim. Accordingly, I find that petitioner's request for an award for interim attorneys' fees and costs is reasonable at this juncture.

### III. Reasonableness of the Requested Award

#### a. Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1347. This is a two-step process. *Id*. at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id*. (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id*. at 1348.

A reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera*, 515 F.3d at 1348 (citation and quotation omitted). The decision in *McCulloch* provides a further framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motions for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Office of Special Masters has subsequently updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, 2019 and 2020 can be accessed online.[2]

Here, petitioner is seeking $36,425.83 in interim attorneys' fees for work performed from 2017 through 2020. I have reviewed the billing records submitted with petitioner's request, and in my experience, the hourly rates for attorney time and paralegal time are all reasonable and in accord with prior awards made by other special masters.

Turning next to the requested hours expended, special masters may rely on their experience within the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991),

---

[2] Each of the Fee Schedules for 2015 through 2020 can be accessed at http://www.cofc.uscourts.gov/node/2914. The hourly rates contained within the schedules are derived from the decision in *McCulloch*, 2015 WL 5634323. The schedules for 2017, 2018, 2019, and 2020 are adjusted for inflation using the Producer Price Index for Offices of Lawyers ("PPI-OL").

*rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Special masters have previously reduced the fees paid to petitioners due to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

However, after reviewing the billing records, I find that counsel did not include any duplicative or excessive entries and further find that petitioner's requested attorney's fees are reasonable and should be awarded in full.

### b. Interim Attorneys' Costs

Attorneys' costs must be reasonable as well. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."). An expert retained by the petitioner in the Vaccine Program will only be compensated at a reasonable hourly rate, and the petitioners have the burden of demonstrating that the expert costs incurred were reasonable. *Simon v. Sec'y of Health & Human Servs.*, No. 05-941V, 2008 WL 623833, at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008). In this case, petitioner seeks $13,769.33 in interim attorneys' costs.

Most of the expenses incurred were expert costs billed by Dr. Gershwin, an experienced immunologist who is frequently employed as an expert in the Vaccine Program. Dr. Gershwin billed petitioner at a rate of $500 per hour which is comparable to what has been awarded for work performed by Dr. Gershwin in recent cases. *See, e.g.*, *Lewis v. Sec'y of Health & Hum. Servs.*, No. 16-1604V, 2020 WL 4578584 (Fed. Cl. Spec Mstr. July 8, 2020); *Soltys v. Sec'y of Health & Hum. Servs.*, No. 17-401V, 2020 WL 5049411 (Fed. Cl. Spec. Mstr. June 26, 2020); *Santoroski v. Sec'y of Health & Hum. Servs.*, No. 15-1294V, 2019 WL 3577842 (Fed. Cl. Spec. Mstr. June 8, 2020). Moreover, the total amount requested is reasonable for the work performed by Dr. Gershwin in this case.

In addition to costs incurred for retaining Dr. Gershwin, petitioner also requests payment for a variety of costs associated with requesting, receiving, and mailing medical records and other correspondence. However, petitioner has failed to submit documentation to support her request for several of these costs. Specifically, there is no documentation of $78.87 of costs incurred on April 28, 2016 for "Medical Records"; nor is there documentation for a total of $2,503.20 of costs incurred for "Mailing/Distribution" on August 12, 2016 ($0.47); October 14, 2015 ($0.47); April 20,

4

2017 ($0.65); December 20, 2017 ($0.46); February 1, 2018 ($0.47); March 20, 2018 ($2,500); and March 27, 2018 ($0.68). (*See* ECF No. 52-1, p. 20; ECF No. 52-2.) Together, these costs result in a reduction of **$2,503.20**. The remaining costs are well-documented and shall be awarded in full for a total award of $11,266.13.

### IV.     Conclusion

In light of the above, petitioner's motion for an award of interim attorneys' fees and costs is hereby **GRANTED**. Petitioner is awarded $47,691.96, representing $36,425.83 in interim attorneys' fees and $11,266.13 in interim attorneys' costs. **Accordingly, I award a total of $47,691.96 as a lump sum in the form of a check payable to petitioner and her counsel, Mark T. Sadaka.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.